UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RITA M. DEVITO, | ) |
|       Petitioner | ) ) ) |
| v. | )   Civil No. 05-71-P-S |
| MAINE CORRECTIONAL CENTER, | ) ) ) |
|       Respondent | ) |

### RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

Rita Devito has filed a petition under 28 U.S.C. § 2254 seeking federal relief from a state court jury's conviction of her for theft and disorderly conduct, as well as a determination by the judge that she violated her conditions of release. Devito raises four federal grounds. The State of Maine has filed a motion seeking dismissal of the petition on the grounds that the four grounds are procedurally defaulted. I now recommend that the Court grant the motion to dismiss and deny Devito § 2254 relief.

*Discussion*

In her 28 U.S.C. § 2254 petition Devito charges her attorney with rendering ineffective assistance in three ways. In ground one she states that when she was waiting in the holding room prior to her trial she asked the two guards to tell the judge that she needed to speak with him regarding the firing of her attorney before her trial started that day. The guards informed her it was too late. When she was brought into the courtroom the jury was already sitting. As a consequence of her schizophrenia Devito was intimated by the guards and the handling of her request. In Ground two Devito complains that her

attorney failed to communicate a plea offer. Devito thought that there had been no offer and that her only choice was to go to trial. Counsel never told her that she could go for an "open plea" and he did not attempt to dissuade her from going to trial. Counsel knew that Devito had serious mental defects and trouble comprehending legal procedure. With respect to her third ground Devito faults her attorney for failing to call appropriate witnesses. Counsel knew that Devito had a long history of schizophrenia bi-polar disorder and did not bring anyone to testify on her behalf and, without preparation of witness, there was no defense. And, in her final § 2254 ground Devito claims that the district attorney acted improperly in acquiring confidential information about Devito without her consent. The information, that Devito had a drug charge pending, apparently was obtained from the prison administration and was, Devito asserts, not only inaccurate but was false. This information was communicated to the judge (without objection from Devito's attorney).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that [] the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(1)(A).[1] Furthermore:

> When a state court decision rests on a state procedural rule that is independent of the federal question and adequate to support the judgment, a federal court may not review a question of federal law raised in a petition for writ of habeas corpus. See Coleman v. Thompson, 501 U.S. 722, 729 (1991). Considerations of federalism and comity generally prohibit a federal court from ignoring the state's legitimate interests in applying its adequate and independent procedural rules. See id. at 730-31.

Moore v. Ponte, 186 F.3d 26, 31 (1st Cir. 1999).

---

[1]   Devito's petition does not implicate subsection (b)(1)(B) of § 2254.

With respect to the exhaustion of her state law remedies, Devito filed an application for leave to appeal her sentence which was denied. She also filed a notice of appeal with the Maine Law Court. In this direct appeal the only challenges that Devito raised were one to the jury instructions and one to the denial of Devito's motion for acquittal on the charge of disorderly conduct. Devito, while her direct appeal was still pending, filed a petition for state post-conviction review. As relevant to my inquiry, in this pro se petition Devito raised ineffective assistance apropos the guards' refusal to allow Devito to consult with the judge prior to trial, counsel's failure to prepare witnesses or research her medical file, and counsel's failure to communicate with Devito about attempting a plea bargain. Devito also faulted the district attorney for obtaining from the prison her confidential information and disclosing the same to the judge. An amended petition elaborated on the ineffective assistance of counsel claim stating that counsel provided incorrect information about the ramifications of a proposed plea agreement. [2]

A Justice of the Superior Court after an evidentiary hearing denied Devito relief as to all her grounds. Devito did not file a notice of discretionary appeal of the denial of her post-conviction petition as allowed under 15 M.R.S.A. § 2131(1) and Maine Rule of Appellate Procedure 19.

The State concedes that the four grounds in Devito's 28 U.S.C. § 2254 petition are essentially the same as the four raised in Devito's state post-conviction proceedings. However, it argues that Devito's failure to ask the Maine Law Court to review the denial of her post-conviction petition precludes her from reviving them in this federal forum. I agree. See O'Sullivan V. Boerckel, 526 U.S.C. 838 (1999); Evicci v. Comm'r of

---

[2]   The State does not view this latter ground as being raised by Devito's original petition perhaps because it is mentioned as part of the ground concerning the failure to prepare witnesses. The question is of no moment in view of the amendment to the petition filed by counsel.

Corrections  226 F.3d 26, 27 (1st Cir. 2000); Cravalho v. Maine, 300 F.Supp.2d 189, 194-95 (D. Me. 2004).  Devito has not attempted[3] to make a showing of "cause and prejudice" or of a "fundamental miscarriage of justice" to excuse her procedural default. Boerckel, 526 U.S. at 854 ("When a prisoner has deprived the state courts of such an opportunity, he has procedurally defaulted his claims and is ineligible for federal habeas relief save a showing of 'cause and prejudice,' Murray v. Carrier, 477 U.S. 478, 485 (1986), or '"a fundamental miscarriage of justice"' id., at 495.").

## *Conclusion*

For these reasons I recommend that the Court **GRANT** the State's motion to dismiss and deny Devito 28 U.S.C. § 2254 relief.


## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.


/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated June 17, 2005

---

[3]  She has not even attempted to make such a showing in her reply to the State's motion.